IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>NATIONAL SECURITY AGENCY<br>TELECOMMUNICATIONS RECORDS<br>LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES<br>_____/ | MDL Docket No 06-1791 VRW<br><br>ORDER |

     Pursuant to the court's practice and procedure order (Doc #15), IT IS HEREBY ORDERED that:

    (1)   The court will hold an initial case management conference on November 14, 2006, at 2:30 pm.

        (a)   To minimize the costs and facilitate a manageable conference, parties with similar interests may agree on a single attorney to act on their joint behalf at the conference. A party will not, by so designating an attorney to represent its interests on November 14, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue or service.

//

      (b)     Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other courts are invited to attend in person or by counsel.

 (2)    The case management conference will be held for the purposes specified in FRCP 16(a), 16(b), 16(c) and 26(f) and subject to the sanctions prescribed in Rule 16(f). Other issues the court intends to address include the following:

      (a)     Does the government intend to assert the state secrets privilege in all of the cases transferred pursuant to MDL 1791?

      (b)     Do plaintiffs intend to file consolidated complaints?

      (c)     What issues in these cases may be resolved without implicating the state secrets privilege, if asserted?

      (d)     What discovery may proceed and how should it be coordinated?

      (e)     What other issues should be addressed to facilitate the just and timely resolution of this litigation?

 (3)    Preparations for the conference shall include the following:

      (a)     Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* and be prepared at the conference to suggest procedures that will facilitate the just, speedy and inexpensive resolution of this litigation.

      (b)     Before the conference, counsel shall confer and seek consensus to the extent possible concerning the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings and any pretrial motions.

      (c)     Counsel shall submit to the court by November 7, 2006, a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues.

//

//

2

   (d) Counsel's statement shall also apprise the court regarding the status of cases under interlocutory appeal to the Ninth Circuit and cases in which a party has opposed transfer for consolidation pursuant to MDL 1791.

(4) This order shall also apply to related cases later filed in, removed to or transferred pursuant to MDL 1791.

(5) The court intends to consider appointments of:

  (a) lead counsel or a steering committee for representation of parties with similar interests; and

  (b) a technical advisor to assist the court in assessing evidence related to national security.

The parties should be prepared to discuss the feasibility and appropriateness of such appointments.

IT IS SO ORDERED.

_____

VAUGHN R WALKER

United States District Chief Judge

3